UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAYMOND JACKSON,

         Plaintiff,

  v.

MICHAEL SHEEHAN, et al.,

         Defendants.
_____

DECISION & ORDER

16-CV-6710G

   *Pro se* plaintiff Raymond Jackson ("plaintiff") has brought suit against the defendants pursuant to 42 U.S.C. § 1983, alleging claims of deliberate indifference to his serious medical needs arising from their alleged refusal to provide him with necessary treatment for Hepatitis C, in violation of the Eighth Amendment. (Docket # 16). Currently pending before the Court are plaintiff's motions to appoint counsel. (Docket ## 41, 42).

## **Motion for Appointment of Counsel**

   It is well-settled that there is no constitutional right to appointed counsel in civil cases. *See Boyd v. Petralis*, 2017 WL 4533649, *1 (W.D.N.Y. 2017); *Baez v. Rathbun*, 2017 WL 1324557, *1 (W.D.N.Y. 2017). Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented for the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the … claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As

stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits; plaintiff has not done so at this stage. Nor do the legal issues in this case appear to be complex. Consideration of plaintiff's amended complaint, the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims justifies this conclusion.

Plaintiff requests the appointment of counsel because he claims he does "not know what he is doing," nor does he "know how to do or complete a deposition." (Docket ## 41, 42). Unfamiliarity with the practice of litigation, however, is insufficient to justify the appointment of counsel. *See Boomer v. Deperio*, 2005 WL 15451, *1-2 (W.D.N.Y. 2005) (denying appointment of counsel where *pro se* plaintiff had "limited knowledge of the law"). The Court has held two scheduling conferences with the parties, at which plaintiff appeared telephonically and discussed the scheduling orders with counsel and the Court. (Docket ## 31, 43-44). The Court addressed plaintiff's questions regarding several issues, including the discovery process and procedures for taking discovery, such as depositions. Moreover, plaintiff regularly sends correspondence to the Court as he continues to litigate his case. (Docket ## 36, 37, 39). The Court has previously provided plaintiff with a copy of the Court's *Pro Se Litigation Guidelines* to assist him; another copy was sent following the April 18, 2019 conference. Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel.

Therefore, plaintiff's motions to appoint counsel **(Docket ## 41, 42)** are **DENIED without prejudice** at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 23, 2019